IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KELLIE MCCARTNEY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:14CV00561 SWW |
| BAILEY & THOMPSON TAX AND | * | |
| ACCOUNTING, P.A. LTD and A.W. | * | |
| BAILEY | * | |
| | * | |
| Defendants | * | |

## ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Kellie McCartney brings this action against her former employers, Bailey & Thompson Tax and Accounting, P.A. LTD and A.W. Bailey, alleging violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act. In her complaint, Plaintiff alleges that Defendants paid her on an hourly basis, she worked in excess of forty hours per week, and Defendants failed to pay her overtime. The parties report that they have settled Plaintiff's claims, and they seek court approval of their agreement or, alternatively, an order finding such approval unnecessary and dismissing this action with prejudice. After careful consideration, and for reasons that follow, the Court finds that court approval of the parties' settlement agreement is not necessary and that this action should be dismissed with prejudice.

The Court finds no statutory mandate or Eighth Circuit decision that requires court approval of the parties' private settlement agreement. *See Fascio v. Madison Health & Rehab LLC*, No. 4:12CV00600 (E.D. Ark. June 30, 2014)(order finding arms' length compromise of FLSA claims for overtime did not require court approval). Although rights under the FLSA cannot be waived by settlement, the dispute in this case, which the parties have settled, is the

number of hours that Plaintiff worked per week.  The parties do not dispute that Defendants are required by law to pay overtime, nor do they dispute the statutorily-prescribed pay rate for overtime.  Further, Plaintiff initiated this action through counsel, and the parties report that their settlement is the product of arms' length negotiations through counsel.  In sum, the settlement agreement in this case amounts to a compromise of disputed factual issues, not a waiver of statutory rights.

As an alternative to court approval of the settlement agreement, the parties request that the Court dismiss this case with prejudice, by order affirmatively stating that court approval is not required and that the parties' agreement shall have a *res judicata* effect on any subsequent claim for damages.   The Court has stated its determination that court approval of the parties' settlement agreement is not necessary, and any dismissal with prejudice is subject to the usual rules of *res judicata*.

IT IS THEREFORE ORDERED that the parties' joint motion to dismiss (ECF No. 10) is GRANTED.  This action is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 19TH DAY OF FEBRUARY, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE